CULPEPPER, Judge.
Plaintiff and defendant own adjacent tracts of land in Allen Parish. Plaintiff, Paul Lafleur, sues for an injunction (1) to prohibit the defendant, Olfert W. Topp, from maintaining a dam on defendant’s property which floods plaintiff’s property by interfering with a natural drain, and (2) to order defendant to lower the dam to the level which existed before defendant raised it in 1974. From a judgment granting the injunction, defendant appealed.
The substantial issues on appeal are: (1) Has the defendant created a work on his property (the lower estate) which impedes the natural servitude of drainage of waters from the plaintiff’s dominant estate through the servient estate? (2) Has defendant acquired a predial servitude by ten years acquisitive prescription entitling him to impound water on plaintiff’s land? (3) If it is decided that a spillway must be constructed through defendant’s levee, who must bear the cost?
Plaintiff owns forty acres adjacent to the north of defendant’s eighty acres in a rural wooded area. A graveled public road runs parallel to the western boundaries of both tracts. A natural drain runs in a southwesterly direction across the southeast corner of plaintiff’s forty acres and then onto defendant’s property where it turns more toward the west and runs to the western boundary of defendant’s land. It then flows underneath the parish road through a twin culvert and on to the Calcasieu River.
For many years before 1974, a dam or levee existed on defendant’s property along the east side of the public road. This dam impounded water on defendant’s property in the natural drain. After heavy rains, water would also back up onto plaintiff’s land, requiring several days to drain off.
In late 1974, dirt work was done on the levee. Workmen filled in a gap cut several years before situated directly opposite the culverts running under the public road. Plaintiff contends, and the trial court found, that this raised the level of the dam two or three feet, causing water to stand on at least several acres of plaintiff’s property on a permanent basis.
In February of 1975, plaintiff sought an injunction to prohibit defendant Topp from maintaining the dam so as to impound water on plaintiff’s property. In May of 1975, the trial judge ordered defendant Topp to allow the Allen Parish Police Jury to construct a spillway on the levee so as to drain all impounded water from plaintiff’s land.
The Police Jury refused to do the work. Plaintiff came back into court in December of 1975 again seeking the same relief. This time defendant Topp was permanently enjoined from maintaining the levee so as to flood plaintiff’s land. He was also ordered to build a spillway ten feet wide and low enough to drain water impounded on the land of Paul Lafleur.
Plaintiff correctly relies on LSA-C.C. Article 660, “Natural Drainage”, as the basis for his action. We quote that article:
“It is a servitude due by the estate situated below to receive the waters which run naturally from the estate situated above, provided the industry of man has not been used to create that servitude.
“The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water.
“The proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome.”
The record reveals conflicting testimony as to the 1974 work on defendant’s levee. Plaintiff’s witnesses testify that only since the 1974 work has there been substantial and permanent flooding of plaintiff’s land. Witnesses for the defense said there was no increase in the size or depth of the lake over the last several years.
The trial judge found that the levee in question was raised in 1974, and that this did result in the permanent impoundment of water on plaintiff’s land. The evidence furnishes a reasonable basis for these findings of fact. We will not disturb that find *428 ing. Therefore, plaintiff’s rights under LSA-C.C. Article 660 have been violated.
Defendant contends plaintiff must be denied the relief he seeks because of defendant’s right, acquired by ten years acquisitive prescription, to maintain the levee and impound the water in its present condition.
The trial court referred defendant’s exception of acquisitive prescription to the trial on the merits. This was proper, since such an exception was in effect an affirmative defense. We find the exception without merit. Since there was a substantial increase in the height of the dam in 1974, and testimony that in 1975 even more dirt was added raising the levee even higher, it is clear that defendant has acquired no right to maintain the dam in its present state. Defendant has a right to maintain the levee only in a way which will not result in water being impounded on Mr. Lafleur’s property any more than it did before the 1974 work was done on the levee.
The next issue is who should bear the cost of constructing the spillway as directed by the trial court? Defendant contends that the lake is of no benefit to him, that it is plaintiff and his neighbors who use the land owned by Mr. Topp and who benefit from it. We do not agree that Mr. Lafleur should bear the cost. It was the defendant’s work which caused the flooding of Mr. Lafleur’s property. It is the defendant’s work which prevents the drainage of water from a higher estate to a lower estate. The costs of constructing a spillway as directed by the court must be assessed against defendant.
Defendant makes a final argument that the judgment appealed is too vague to be enforced, and that a further survey will be necessary to determine the exact height of the spillway. The permanent injunction prohibits defendant from maintaining a levee which impounds water on the plaintiff’s land. It is further directed that a spillway be built by defendant, and at his expense, low enough to drain any water impounded on the plaintiff’s property.
The record is not entirely clear as to whether any water was impounded on plaintiff’s land before the levee was raised in 1974. Therefore, we think it is advisable to add to the judgment a provision that the spillway be constructed in such a manner that it will not cause more water to be impounded on plaintiff’s land than was impounded before the levee was raised in 1974. Essentially, this is the relief to which plaintiff is entitled.
For the reasons assigned, the judgment appealed is amended by adding the following provision: “The spillway to be installed by defendant shall be constructed in such a manner that it will not cause more water to be impounded on plaintiff’s land than was impounded before the levee was raised in 1974.” Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant.
AFFIRMED, AS AMENDED.